IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GORDON SELLNER,<br><br>    Plaintiff,<br>vs.<br><br>ANNETTE CARTER, et al.,<br><br>    Defendants. | CV 20-38-H-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

  Plaintiff Gordon Sellner ("Sellner") filed this 42 U.S.C. § 1983 action alleging violations of his constitutional rights. (Doc. 2.) Sellner seeks compensatory and punitive damages, declaratory relief, and injunctive relief against members of the Montana Board of Pardons and Parole (BOPP) and legal counsel for the Montana Department of Corrections regarding the procedures used in his parole hearing. (*Id.* at 17-19.) Sellner alleges violations of due process and equal protection under Montana statutory law in Counts 1-6 of his Complaint. (*Id.* at 9-15.) Sellner also alleges that Defendants conspired to deprive him of his constitutional rights under Montana law in Count 7. (*Id.* at 16-17.)

1

United States Magistrate Judge John Johnston issued Findings and Recommendations on August 11, 2020. (Doc. 4.) Judge Johnston recommended that the Court should dismiss Sellner's claims brought pursuant to 42 U.S.C. § 1983 and that the Court should decline to exercise jurisdiction over Sellner's state law claims. (*Id.* at 16.) Sellner filed objections to Judge Johnston's Findings and Recommendations. (Doc. 6.)

The Court reviews *de novo* those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the Findings and Recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014).

Sellner objects to Judge Johnston's findings that Sellner failed to state any plausible Federal Equal Protection Violations in Counts 3 and 4. (Doc. 6 at 1-2.) In Count 3, Sellner asserts that Defendants Newman, Lucero, and Bauer violated his

2

constitutional right to fair and equal treatment under state administrative statutes because they began utilizing a new parole point scoring system to evaluate state prisoners for release. (Doc. 2 at 11-12.) He claims he was treated differently than all state prisoners who had parole hearings prior to August 2017 who had the benefit of legally adopted and published rules and proper notice of all Board rules and procedures. He contends that the Board secretly used a parole scoring system to evaluate his parole application without publication or notice in August 2019. (*Id.*) In Count 4, Sellner alleges Defendant Carter violated his constitutional right to fair and equal treatment under Montana state open records statutes when she denied his request to view his parole guideline score, but provided Inmate John Miller with his score sheet. He claims he is similarly situated to Miller and that there is no rational basis for Carter to treat him differently and refuse his parole score sheet. (*Id.* at 12-13.)

Sellner also objects to Judge Johnston's findings that Sellner failed to state any Federal Due Process Violations in Counts 1, 2, 5, and 6. (Doc. 6 at 4-5.) In Count 1, Sellner claims that Defendants Newman, Lucero, and Bauer violated his constitutional right to minimum due process protections mandated in Parole Statute § 46-23-202, MCA, by holding his August 21, 2019, parole hearing in his absence. (Doc. 2 at 9-10.) In Count 2, Sellner contends that Defendants Newman, Lucero,

3

and Bauer violated his constitutional right to procedural due process mandated in Parole Board Rule § 20.25.501(1)(3)(4), ARM, which commands that defendants provide him with written reasons for denying his August 21, 2019, parole application because they did not list "long-standing anti-government beliefs" in his written case disposition as later revealed by Newman. In Count 5, Sellner argues Defendants Newman, Lucero, and Bauer violated his constitutional right to due process notice protection mandated under state administrative procedure statutes by refusing to publish and allow public comment on all forms, rules, procedures, and legal interpretations used in parole board operations. (*Id.* at 14.) In Count 6, Sellner contends Defendants Newman, Lucero, and Bauer violated his constitutional right to due process protections mandated in state statutes by secretly using an illegally adopted numeric scoring system to decide his August 21, 2019, parole application without affording him notice. He asserts a liberty interest in verifying the correctness of his parole score sheet totals. (*Id.* at 15.)

    The Court has reviewed Judge Johnston's Findings and Recommendations regarding Counts 1-6 *de novo*. *See* 28 U.S.C. § 636(b)(1). Sellner's Counts 1-6 allege violations of due process and equal protection under Montana statutory law. To state a claim under 42 U.S.C. § 1983, a violation of state law may form the basis for an action but only when that violation causes the deprivation of a right

protected by the United States Constitution. *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Sellner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). Sellner's allegations that the denial of his parole in August 2019 violated Montana statutes and the mandates of the operational procedures for the Parole Board do not state a cognizable federal claim for violation of due process. Because Sellner has failed to state a federal claim for relief, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367 (providing that in a civil action in which a district court has original jurisdiction, there exists supplemental jurisdiction over claims that are part of the same case or controversy).

Sellner objects to Judge Johnston's finding that Sellner failed to state a plausible federal civil conspiracy claim in Count 7. (Doc. 6 at 6.) In Count 7, Sellner alleges civil conspiracy under 42 U.S.C. § 1983. Sellner contends Defendants Carter, Bauer, Lucero, Bell, and Newman acted in concert with Defendants Ambrose, Lishman, and Schneider to deprive him of his constitutional right to equal protection and due process under Montana law. (Doc. 2 at 16.)

The Court has reviewed Judge Johnston's Findings and Recommendations regarding Count 7 *de novo*. *See* 28 U.S.C. § 636(b)(1). In the context of conspiracy

claims brought pursuant to section 1983, a complaint must allege facts to support the existence of a conspiracy among the defendants. *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A plaintiff must allege that defendants conspired or acted jointly in concert and performed some overt act in furtherance of the conspiracy. *Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974). Conspiracy allegations must contain more than mere conclusory statements. *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1979). Sellner's Complaint does not allege sufficiently specific facts in support of his conspiracy claim. (*See* Doc. 2 at 16.) Sellner fails to allege facts supporting how the Defendants formed a conspiracy or how Sellner's injuries resulted from a conspiracy.

The Court's *de novo review* constitutes full agreement with Judge Johnston's Findings and Recommendations. Accordingly, **IT IS ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 4) are **ADOPTED IN FULL**.

2. Sellner's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED** and the Court declines to exercise jurisdiction over Sellner's state law claims.

3. This matter is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

5. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Sellner's allegations fail to state a claim.

**DATED** this 20th day of August, 2020.

_/s/ Brian Morris_____
Brian Morris, Chief District Judge
United States District Court